Mr. F. Perry Odom, General Counsel Department of Environmental Protection Marjory Stoneman Douglas Building 3900 Commonwealth Boulevard Tallahassee, Florida 32399-3000
Dear Mr. Odom:
You ask substantially the following questions:
1. Does the state own submerged logs located in the waters of the state if the origin of such logs is unknown?
2. Does the response in Question One change if the logs are floating instead of submerged or if the logs are embedded or attached to the adjacent bank?
3. Are the provisions of Chapters 705 (Lost or Abandoned Property), 716 (Escheats), or 717 (Disposition of Unclaimed Property), Florida Statutes, applicable to such logs?
4. Does the response to Question One change if the logs were branded or a person could prove that the logs came from the person's land?
In sum:
1. 2. The State of Florida owns submerged or floating logs located on state sovereignty lands or navigable state waters.
3. 4. The provisions of Chapter 705, Florida Statutes, relating to lost or abandoned property would be applicable to logs that are found on state lands and are marked or branded, necessitating notification of the owner(s).
As your questions are interrelated, they will be answered together.
You state that the Department of Environmental Protection (department) has received a significant number of complaints of "deadhead logging" occurring in north Florida rivers. "Deadhead logging" is the removal and subsequent sale of logs or timber from rivers, streams and other water bodies. In most cases, the origin of the logs is unknown. Historically, the Board of Trustees of the Internal Improvement Trust Fund has treated these logs as property of the State and granted permits for the purpose of conducting "deadhead logging" operations.[1] However, you state that the practice was stopped due to environmental concerns.
A review of Florida Statutes fails to reveal any provision which directly addresses your questions. The statutes vesting the responsibility to manage state lands and the resources located thereon in the Board of Trustees of the Internal Improvement Trust Fund, however, appear to address the management of deadhead logs submerged or embedded on state sovereignty lands or floating on state waters.
Article X, Section 11, Florida Constitution, provides:
The title to lands under navigable waters, within the boundaries of the state, which have not been alienated, including beaches below mean high water lines, is held by the state, by virtue of its sovereignty, in trust for all the people.
Section 253.03, Florida Statutes, vests the Board of Trustees of the Internal Improvement Trust Fund with the management, control, and disposition of all lands owned by the state with certain exceptions not relevant to the instant inquiry. To implement the responsibilities of the board of trustees to oversee state lands, the department has adopted Rule 18-21.004, Florida Administrative Code, prescribing management policies, standards, and criteria to be used in determining whether to approve requests for activities on sovereign submerged lands and requires that these activities "not be contrary to the public interest[.]"[2] In addition, the rule provides:
All leases, easements, deeds or other forms of approval for sovereignty lands activities shall contain such terms, conditions, or restrictions as deemed necessary to protect and manage sovereignty lands.[3]
All sovereignty lands must be considered single use lands to be managed primarily for the "maintenance of essentially natural conditions, propagation of fish and wildlife, and traditional recreational uses such as fishing, boating, and swimming."[4] The rule authorizes compatible secondary purposes which do not detract from these primary purposes.[5]
The board of trustees is statutorily authorized to receive the proceeds from the sale or disposition of the products of state lands.[6] Section 253.45(1), Florida Statutes, authorizes the board of trustees to sell or lease timber or similar substances in, on, or under any land to which the state has title. Thus, timber or logs on lands over which the board has control are properly claimed by the state.
Moreover, it is the general rule that a property owner has an exclusive right as against any third person to seize wood or timber floating down streams or rivers over his property or stranded on his shore.[7] Thus the state, as property owner of sovereignty lands, has an exclusive right to the products of deadhead logging if these logs are on state sovereignty lands, which may include stream beds and the banks of navigable streams or rivers and state waters.
However, if the stranded property is marked and easily identified, the property owner on whose land it is stranded becomes an involuntary bailee.[8] Under such circumstances, the provisions of Chapter 705, Florida Statutes, would appear to control the disposition of such property.
Chapter 705, Florida Statutes, makes provision for lost or abandoned property located on public property and includes procedures for notifying the owners of such property. "Lost property" includes all tangible personal property "which does not have an identifiable owner and which has been mislaid on public property . . . or in parks, . . . public recreation areas, or other places open to the public . . . which has an apparent intrinsic value to the rightful owner."[9] Public property is defined for purposes of the chapter to include sovereignty submerged lands.[10]
Pursuant to section 705.104(2), Florida Statutes:
Employees of any state, county, or municipal agency shall be deemed agents of such governmental entity, and lost or abandoned property found by them during the course of their official duties shall be turned in to the proper person or department designated to receive such property by the governmental entity. Such property shall be subject to the provisions of this chapter, after which, if unclaimed by the rightful owner, the title to such property shall be vested in the state, county, or municipality and not in the employee.
Under the provisions of the statute, title to lost or abandoned property is vested in the finder upon the expiration of a 90-day custodial time period unless the rightful owner or a lienholder comes forward to claim the property.[11]
Therefore, the title to products of deadhead logging that are lost or abandoned and found on state lands may be vested in the state pursuant to the provisions of Chapter 705, Florida Statutes, and may be either sold or retained for use by the state pursuant to section 705.103, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, Memorandum from Eugene E. McClellan, Jr., Office of the General Counsel, Department of Environmental Protection, to Gordon Roberts, Office of Environmental Investigations, Department of Environmental Protection, July 6, 1995.
[2] Rule 18-21.004(1)(a), F.A.C.
[3] Rule 18-21.004(1)(b), F.A.C.
[4] Rule 18-21.004(2)(a), F.A.C.
[5] Id.
[6] Section 253.03(2), Fla. Stat. (1995).
[7] 93 C.J.S. Waters s. 82 (1956).
[8] Id. And see, s. 706.04, Fla. Stat. (1993), repealed by Ch. 95-419, Laws of Florida, which authorized persons floating logs down rivers, streams, or other watercourses in this state to adopt a mark, brand or stamp "to distinguish and designate his ownership thereof" and requiring that such marks be recorded.
[9] Section 705.101(2), Fla. Stat. (1995).
[10] Section 705.101(5), Fla. Stat. (1995).
[11] Section 705.104(1), Fla. Stat. (1995).